UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A., <br><br> Plaintiff, <br><br> v. <br><br> GRAND SIERRA RESORT UNIT-OWNERS' ASSOCIATION; MEI-GSR HOLDINGS, LLC; AM-GSR HOLDINGS, LLC; ALESSI & KOENIG, LLC, <br><br> Defendants. | Case No. 3:16-cv-00146-MMD-WGC <br><br> ORDER |

This case arises out of a homeowner association's ("HOA") foreclosure and involves the notice provisions applicable to foreclosure sales under Nevada Revised Statutes ("NRS") Chapter 116. Currently there is a federal-state split in the interpretation and effect of the notice provisions found at the pre-2015 version of NRS Chapter 116. However, a question regarding the applicable notice provisions was recently certified to the Nevada Supreme Court, asking whether the notice provisions found at NRS § 107.090 were incorporated by reference into the pre-2015 version of NRS § 116.31168. Because whether Bank of America, N.A. ("BANA") received actual notice of the HOA's foreclosure sale appears to be at issue here (*see* ECF No. 52 at 3 (stating that the HOA provided proper notice to BANA); *see also* ECF No. 51 at 6 (arguing that whether BANA received actual notice is irrelevant)), this Court *sua sponte* stays this action in its entirety until the Nevada Supreme Court resolves the certified question.[1]

---

[1] Defendants MEI-GSR Holdings, LLC ("MEI"), AM-GSR Holdings, LLC ("AM"), and Grand Sierra Resort Unit-owners' Association ("GSR") filed an opposition to BANA's Motion for Partial Summary Judgment that simultaneously was meant to serve as a countermotion to stay. (ECF No. 52.) However, MEI, AM, and GSR failed to comply with the local rules, which require that a party file this sort of document a second time to indicate that it also serves the purpose of a countermotion. *See* LR IC 2-2(b). The Court nevertheless considered the points raised in this countermotion and accompanying reply (ECF No. 58).

A district court has the inherent power to stay proceedings in its own court. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). "A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). In deciding whether to grant a stay, courts should consider "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *Landis*, 299 U.S. at 268). Courts should also consider "the judicial resources that would be saved by avoiding duplicative litigation." *Pate v. DePuy Orthopaedics, Inc.*, No. 2:12-cv-01168-MMD-CWH, 2012 WL 3532780, at *2 (D. Nev. Aug. 14, 2012) (quoting *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)).

The Court finds that significant judicial resources will be saved if the Court refrains from issuing a decision in this case until the Nevada Supreme Court determines whether NRS § 116.31168 incorporates the notice provisions of NRS § 107.090. *See SFR Investments Pool 1, LLC v. Bank of New York Mellon,* Nev. S. Ct. Case No. 72931. NRS §§ 116.31168 and 107.090 prescribe two fundamentally different notice mechanisms. The first requires lenders to affirmatively request notice of foreclosure sales from HOAs. The second requires HOAs to notify lenders as a matter of course, regardless of whether a request was made.

The Ninth Circuit recently held the first mechanism to be facially unconstitutional because it impermissibly shifts the burden to lenders in violation of their procedural due process rights. *Bourne Valley Court Tr. v. Wells Fargo Bank, N.A.*, 832 F.3d 1154, 1156 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 2296 (2017). NRS § 107.090 seems to ameliorate this burden-shifting problem by requiring the HOAs to provide notice to lenders absent any request from lenders for notice; however, the Ninth Circuit has held that NRS §

107.090 is not incorporated in NRS § 116.31168. *Id.* at 1159. If it were, the Ninth Circuit reasoned, the opt-in notice scheme would be superfluous. *Id.*

The question of whether NRS § 116.31168 incorporates NRS § 107.090 is now pending before the Nevada Supreme Court in Case No. 72931. Moreover, that court has hinted it will answer the question in the affirmative. *See Nationstar Mortg., LLC v. Saticoy Bay LLC Series 227 Shadow Canyon*, 405 P.3d 641, 648 n.11 (Nev. 2017). If the Nevada Supreme Court holds that NRS § 107.090 is incorporated, then a factual question would arise in this case: did the HOA provide notice to the lender consistent with NRS § 107.090? As the law stands currently, it is irrelevant whether the HOA provided notice to the lender—foreclosure sales conducted pursuant to Chapter 116 could not have satisfied the lenders' constitutional due process rights. *See, e.g.*, *U.S. Bank, N.A. v. Emerald Ridge Landscape Maint. Ass'n*, No. 2:15-cv-00117-MMD-PAL, 2017 WL 4386967, at *3 (D. Nev. Sept. 29, 2017). But if NRS § 116.31168 incorporated NRS § 107.090, then some foreclosure sales may have satisfied constitutional due process requirements (i.e., those in which HOAs gave lenders notice consistent with NRS § 107.090). Because actual notice appears to be at issue here, resolution of the certified question is relevant.

The Court therefore stays all proceedings in this case until resolution of the certified question in Nev. S. Ct. Case No. 72931. The stay will be lifted upon such resolution. The parties must file a status report within five (5) days from such resolution.

It is further ordered that Bank of America, N.A.'s Motion for Partial Summary Judgment (ECF No. 51) is denied without prejudice and may be refiled within thirty (30) days from the date the stay in this case is lifted.

DATED THIS 11th day of January 2018.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

3