UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 3:16-cv-00146-MMD-WGC |
| Plaintiff, | ORDER |
| v. | |
| GRAND SIERRA RESORT UNIT-OWNERS' ASSOCIATION; *et al.*, | |
| Defendants. | |

**I.    SUMMARY**

This case arises from the foreclosure sale of property to satisfy a homeowners' association lien. Before the Court is Plaintiff Bank of America, N.A.'s motion for summary judgment (the "Motion").[1] (ECF No. 78.) Because the Court agrees with Plaintiff that it properly tendered the superpriority amount—and as explained below—the Court will grant Plaintiff's Motion and resolve this case.

**II.   RELEVANT BACKGROUND**

The following facts are undisputed unless otherwise indicated.

In March 2007, Melvin H. Cheah and Amanda S. Cheah ("Borrowers") obtained a loan for $215,039 ("Loan") from Plaintiff and executed a note secured by a deed of trust ("DOT") on the real property located at 2500 East 2nd Street #1911, Reno, Nevada, 89595 ("the Property"). (ECF No. 78-1 at 3-5.)

///

---

[1]Defendants MEI-GSR Holdings, LLC ("MEI-GSR"), AM-GSR Holdings, LLC ("AM-GSR"), and Grand Sierra Resort Unit-Owners' Association (the "HOA") filed a response. (ECF No. 79.). The Court determines that a reply is unnecessary.

Borrowers failed to pay HOA assessments, and the HOA recorded a notice of delinquent assessment lien in July 2012, identifying the amount due to the HOA to date as $722.31.[2] (ECF No. 78-3 at 2.) The HOA recorded a notice of default and election to sell on December 27, 2012, identifying the amount due to the HOA to date as $1,736.46. (ECF No. 78-4.)

Plaintiff, acting through its agent (the law firm "Miles Bauer"), requested from Alessi a calculation of the superpriority portion of the HOA's lien and offered to pay that amount.[3] (ECF No. 78-5 at 3, 6-7.) Alessi responded with a payment history report, which included a ledger showing all amounts allegedly due. (*Id.* at 9-12.) The ledger provided by Alessi states that the monthly assessment due on the Property was $14.41. (*Id.* at 12; *see also* ECF No. 78-6 at 8, 78-7 at 7.) Miles Bauer therefore calculated that nine months of assessments on the Property was $129.69. (ECF No. 78-5 at 15.) Borrowers did not owe any maintenance or nuisance abatement charges from 2007 through the foreclosure sale date. (ECF No. 78-6 at 8-9.) As such, Miles Bauer calculated that the amount owed to pay off the superpriority portion of the HOA's lien was $129.69. (ECF No. 78-5 at 15.) Miles Bauer tendered that amount, $129.69 ("the Check"), to Alessi on May 2, 2013. (*Id.* at 14-18.) Miles Bauer's records show the Check was "rejected." (*Id.* at 4, 20.)

The HOA recorded a notice of foreclosure sale on July 12, 2013. (ECF No. 78-8.) The HOA proceeded with the foreclosure sale on August 15, 2013 (the "HOA Sale"), and MEI-GSR purchased the Property at the HOA Sale for $4,000. (ECF No. 78-9.) MEI-GSR subsequently transferred whatever interest it had in the Property to AM-GSR. (ECF No. 78-10.)

---

[2]The notice was recorded by Defendant Alessi & Koenig, LLC ("Alessi"), acting as agent for the HOA. (ECF No. 78-3.)

[3]Plaintiff offers the affidavit of Adam Kendis ("Kendis Affidavit"), a paralegal with Miles Bauer, who authenticated Miles Bauer's business records and explained the information contained within Miles Bauer's records attached to his affidavit. (ECF No. 78-5 at 2-4.)

Plaintiff asserts claims for: (1) quiet title/declaratory judgment against all Defendants; (2) breach of NRS § 116.1113 against Alessi and the HOA; (3) wrongful foreclosure against Alessi and the HOA; and (4) injunctive relief against AM-GSR. (ECF No. 1 at 6-13.)

**III.  LEGAL STANDARD**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *See Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *See Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings

but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

## IV. DISCUSSION

Plaintiff argues it is entitled to summary judgment on its declaratory relief/quiet title claim because, in pertinent part, Plaintiff tendered the superpriority portion of the HOA's lien when Plaintiff's agent sent the Check to the HOA's agent. (ECF No. 78 at 4-7.) The Court agrees that Plaintiff properly tendered the superpriority amount, and accordingly declines to address the parties' other arguments in Plaintiff's Motion and Defendants' response.

In several recent decisions, the Nevada Supreme Court effectively put to rest the issue of tender. For example, in *Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113 (Nev.), *as amended on denial of reh'g* (Nov. 13, 2018), the Nevada Supreme Court held "[a] valid tender of payment operates to discharge a lien or cure a default." *Id.* at 117, 121. And it reaffirmed that "that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid assessments." *Id.* at 117. More recently, the Nevada Supreme Court held that an offer to pay the superpriority amount coupled with a rejection of that offer discharges the superpriority portion of the HOA's lien, even if no money changed hands. *See Bank of Am., N.A. v. Thomas Jessup, LLC Series VII*, Case No. 73785, --- P.3d ---, 2019 WL 1087513, at *1 (Mar. 7, 2019).

Here, Plaintiff tendered the superpriority amount. (ECF No. 78-5; *see also* ECF No. 78-7 at 7 (stating the monthly assessment amount was $14.41); ECF No. 78-6 at 8-

4

9 (stating Borrowers did not owe any nuisance or abatement fees).) Thus, the HOA Sale did not extinguish Plaintiff's DOT, even though the HOA rejected Plaintiff's tender. *See Bank of America*, 427 P.3d at 121-22; *see also Thomas Jessup*, 2019 WL 1087513, at *4. Further, Defendants do not even respond to Plaintiff's tender argument in response to Plaintiff's Motion. (ECF No. 79.)

The Court therefore finds that Plaintiff has demonstrated entitlement to summary judgment on its first claim for relief. In its Complaint, Plaintiff primarily requests a declaration that its DOT survived the HOA Sale. (ECF No. 1 at 13.) Given that Plaintiff has received the relief it requested, the Court dismisses Plaintiff's remaining claims as moot.

## V.  CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion before the Court.

It is therefore ordered that Plaintiff's motion for summary judgment (ECF No. 78) is granted as to Plaintiff's first claim for relief. The Court declares that Plaintiff's DOT survived the HOA Sale and continues to encumber the Property. Plaintiff's remaining claims are dismissed as moot.

The Clerk of Court is directed to enter judgment in Plaintiff's favor on its first claim for relief in accordance with this order and close this case.

DATED THIS 28th day of March 2019.

MIRANDA M. DU  
UNITED STATES DISTRICT JUDGE